UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HUSSEIN NAJI, as Personal Representative
of the Estate of ALI NAJI,

     Plaintiff,

v.

CITY OF DEARBORN, and
JOHN DOE OFFICER,

     Defendants.

Case No. 23-10521
Hon. F. Kay Behm
Magistrate Jonathan J.C. Grey

**<u>DEFENDANTS' ANSWER TO
PLAINTIFF'S COMPLAINT &
AFFIRMATIVE DEFENSES</u>**

_____

Cyril C. Hall (P29121)
Amir I.  Makled (P76306)
Hussein S. Bazzi (P85891)
HALL MAKLED, P.C.
Attorneys for Plaintiff
23756 Michigan Avenue, Suite 100
Dearborn, MI 48124
(313) 788-8888
chall@hallmakled.com
amakled@hallmakled.com
hussein@makled.com

AUGUST LAW, PLLC
Gary K. August (P48730)
Michael C. Lewis (P59139)
Counsel for Defendants
29201 Telegraph Rd., Suite 510
Southfield, MI 48034
(248) 833-6225
gaugust@august-law.com
mlewis@august-law.com

CITY OF DEARBORN LAW DEPARTMENT
Jeremy J. Romer (P77287)
Bradley J. Mendelsohn (P73671)
Counsel for Defendant City of Dearborn
16901 Michigan Ave., Suite 14
Dearborn, MI 48126
313-943-2467
jromer@dearborn.gov
bmendelsohn@dearborn.gov

_____

1

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT & AFFIRMATIVE DEFENSES

Pursuant to Rules 8(b), (c), Federal Rules of Civil Procedure, Defendants, City of Dearborn ("Dearborn") and John Doe Officer ("Officer" or "the Officer"), by and through their counsel August Law, PLLC, answer Plaintiff's complaint and identify their affirmative defenses as follows:

### PRELIMINARY STATEMENT

1.    Defendants deny Plaintiff's preliminary statement in its entirety. On Sunday, December 18, 2022, at 3:32 p.m., Plaintiff's decedent ("the decedent") entered the lobby of the Dearborn Police Department headquarters and, with no warning, justification, or provocation whatsoever, removed a stolen 9mm handgun from his waistband, pointed it at the Officer, and pulled the trigger. Were it not for the gun jamming or otherwise malfunctioning, the Officer, one or more of his fellow officers, and/or one or more members of the public, might have been killed or severely injured in this incident. Remarkably, Plaintiff's complaint fails to mention that the decedent was armed and that he tried to murder the Officer. Because it omits these dispositive facts, Plaintiff's complaint violates Rules 11(b)(2) and/or 11(b)(3), Federal Rules of Civil Procedure. As explained below, the shooting of the decedent, while tragic, was

100% justified under federal and state law such that Plaintiff's complaint must be dismissed in its entirety.

Crucially, this incident was captured on surveillance video. At 3:32:38, the decedent entered the lobby of the police station. Eleven seconds later, at 3:32:49, he removed the stolen handgun from his waistband, pointed it at the Officer, and pulled the trigger. Two seconds later, at 3:32:51, he attempted to correct the gun's malfunction by racking a round into the chamber and/or by reloading the magazine. Six seconds later, at 3:32:57, the Officer, caught completely off guard and fearing for his life and the lives of others, slid open the glass window that encloses the main service desk, and opened fire on the decedent. From the time the decedent entered the lobby to the time the Officer opened fire, only 19 seconds passed. That this encounter involved tense, uncertain, rapidly evolving circumstances, therefore, cannot be disputed.

PARTIES, JURISDICTION AND VENUE

2.      In response to the allegations set forth in paragraph 2 of Plaintiff's complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

3.      In response to the allegations set forth in paragraph 3 of Plaintiff's complaint, Defendants deny that the Officer is a resident of Wayne County. All other allegations are admitted.

3

4.     In response to the allegations set forth in paragraph 4 of Plaintiff's complaint, Defendants admit.

5.     In response to the allegations set forth in paragraph 5 of Plaintiff's complaint, Defendants state that the complaint speaks for itself.   Further answering, Defendants deny all liability under 42 U.S.C. § 1983, the 4th Amendment, the 14th Amendment, the Michigan Wrongful Death Act, and any other applicable statutes or laws.  Further answering, though paragraph 5 of Plaintiff's complaint references the 14th Amendment, no claim or theory of liability under the 14th Amendment is set forth in the complaint.

6.     In response to the allegations set forth in paragraph 6 of Plaintiff's complaint, Defendants admit but affirmatively state that the subject matter jurisdiction conferred by 28 U.S.C. § 1367 is discretionary with the Court.

7.     In response to the allegations set forth in paragraph 7 of Plaintiff's complaint, Defendants deny that the decedent's death was wrongful.  All other allegations are admitted.

8.     In response to the allegations set forth in paragraph 8 of Plaintiff's complaint, Defendants admit.

<u>COMMON ALLEGATIONS</u>

9.     Defendants incorporate their foregoing responses as if repeated throughout this pleading verbatim.

4

10.     In response to the allegations set forth in paragraph 10 of Plaintiff's complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs. Further answering, the allegations set forth in paragraph 10 of Plaintiff's complaint violate Rule 12(f) and should be struck.

11.     In response to the allegations set forth in paragraph 11 of Plaintiff's complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.  Further answering, the allegations set forth in paragraph 11 of Plaintiff's complaint violate Rule 12(f) and should be struck.

12.     In response to the allegations set forth in paragraph 12 of Plaintiff's complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.  Further answering, the allegations set forth in paragraph 12 of Plaintiff's complaint violate Rule 12(f) and should be struck.

13.     In response to the allegations set forth in paragraph 13 of Plaintiff's complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs. Further answering, the allegations set forth in paragraph 13 of Plaintiff's complaint violate Rule 12(f) and should be struck.

14.     In response to the allegations set forth in paragraph 14 of Plaintiff's complaint, Defendants deny that the decedent "was deprived of living out the rest of his life due to the actions of Defendants" and affirmatively plead that the decedent "was deprived of living out the rest of his life" by his own depraved conduct.  As to the balance of the allegations set forth in paragraph 14, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.  Further answering, the allegations set forth in paragraph 14 of Plaintiff's complaint violate Rule 12(f) and should be struck.

15.     In response to the allegations set forth in paragraph 15 of Plaintiff's complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.  Further answering, the allegations set forth in paragraph 15 of Plaintiff's complaint violate Rule 12(f) and should be struck.

16.     In response to the allegations set forth in paragraph 16 of Plaintiff's complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

17.     In response to the allegations set forth in paragraph 17 of Plaintiff's complaint, Defendant's admit, but affirmatively plead that the shooting was 100% justified under federal and state law.

18.     In response to the allegations set forth in paragraph 18 of Plaintiff's complaint, Defendants deny.

19.     In response to the allegations set forth in paragraph 19 of Plaintiff's complaint, Defendants deny.

20.     In response to the allegations set forth in paragraph 20 of Plaintiff's complaint, the "Medical Examiner's Opinion and Summary" speaks for itself.

21.     In response to the allegations set forth in paragraph 21 of Plaintiff's complaint, Defendants deny.  Further answering, Plaintiff's allegation that the Officer fired "without a cause known to Plaintiff" violates Rule 11.  The Officer fired only after the decedent had removed a stolen handgun from his waistband, pointed it at the Officer, pulled the trigger, realized that the gun had malfunctioned, and then attempted to correct the malfunction – all facts the complaint omits.

22.     In response to the allegations set forth in paragraph 22 of Plaintiff's complaint, Defendants deny that the glass is bullet proof.  Further answering, to the extent the allegations in paragraph 22 suggest that the Officer was seated when he fired, Defendant's deny.  Defendants admit that the Officer fired multiple times.

23.     In response to the allegations set forth in paragraph 23 of Plaintiff's complaint, Defendants deny.

24.     In response to the allegations set forth in paragraph 24 of Plaintiff's complaint, the report of the Wayne County Medical Examiner speaks for itself. Broadly speaking, a "homicide" is the killing of a human being by another human being.  The killing in this case, therefore, was a homicide though one that does not give rise to criminal or civil liability given the Officer's lawful defense of himself and others.

25.     In response to the allegations set forth in paragraph 25 of Plaintiff's complaint, Defendants deny.

26.     In response to the allegations set forth in paragraph 26 of Plaintiff's complaint, Defendants deny.

27.     In response to the allegations set forth in paragraph 27 of Plaintiff's complaint, Defendants deny, and specifically deny subparagraphs a-k.

<u>COUNT I: DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1983<br>(FOURTH AMENDMENT – EXCESSIVE FORCE)</u>

28.     Defendants incorporate their foregoing responses as if repeated throughout this pleading verbatim.

29.     In response to the allegations set forth in paragraph 29 of Plaintiff's complaint, Defendants deny that Plaintiff has cited the correct legal standards

governing 4th amendment claims brought pursuant to 42 U.S.C. § 1983. Further answering, Defendants deny all allegations of wrongdoing and affirmatively plead that the shooting of the decedent by the Officer was 100% justified under federal and state law.

30.     In response to the allegations set forth in paragraph 30 of Plaintiff's complaint, Defendants deny.

31.     In response to the allegation set forth in paragraph 31 of Plaintiff's complaint, Defendants admit that the Officer was familiar with the department's definition of "de-escalation", as set forth in the general order, but they affirmatively deny that the definition has any relevance in this case and/or that it was possible to de-escalate this encounter in any way.

32.     In response to the allegations set forth in paragraph 32 of Plaintiff's complaint, Defendants state that the quoted portion of general order A-2.15 speaks for itself. Further answering, Defendants affirmatively deny that the definition of "de-escalation" has any relevance in this case and/or that it was possible to "de-escalate" this encounter in any way.

33.     In response to the allegations set forth in paragraph 33 of Plaintiff's complaint, Defendants state that the quoted portion of general order A-2.15 speaks for itself. Further answering, Defendants affirmatively deny that

"de-escalation" has any relevance in this case and/or that it was possible to "de-escalate" this encounter in any way.

34.     In response to the allegations set forth in paragraph 34 of Plaintiff's complaint, Defendants admit that the Officer did not "take any steps to de-escalate", but they affirmatively plead that "de-escalation" has no relevance in this case because it was not possible to "de-escalate" this encounter in any way.

35.     In response to the allegations set forth in paragraph 35 of Plaintiff's complaint, Defendants deny.

36.     In response to the allegations set forth in paragraph 36 of Plaintiff's complaint, Defendants deny.

Wherefore, Defendant's respectfully request that Plaintiff's complaint be dismissed in its entirety.

## COUNT II: *MONELL* LIABILITY AGASINT DEFENDANT CITY OF DEARBORN (UNCONSTITUTIONAL POLICY OR PROCEDURE IN VIOLATION OF 42 U.S.C. § 1983)

37.     Defendants incorporate their foregoing responses as if repeated throughout this pleading verbatim.

38.     In response to the allegations set forth in paragraph 38 of Plaintiff's complaint, Defendants deny.

39.     In response to the allegations set forth in paragraph 39 of Plaintiff's complaint, Defendants deny.   Further answering, Defendants deny that the unrelated incident referenced in paragraph 39 has any relevance in this case.

40.     In response to the allegations set forth in paragraph 40 of Plaintiff's complaint, Defendants deny.   Further answering, Defendants deny that the unrelated incident referenced in paragraph 40 has any relevance in this case.

41.     In response to the allegations set forth in paragraph 41 of Plaintiff's complaint, Defendants deny.   Further answering, Defendants deny that the unrelated incidents referenced in paragraphs 39 and 40 have any relevance in this case.

42.     In response to the allegations set forth in paragraph 42 of Plaintiff's complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.   Further answering, Defendants deny that the unrelated incident referenced in paragraph 42 has any relevance in this case.

43.     In response to the allegations set forth in paragraph 43 of Plaintiff's complaint, Defendants do not know to what "policies and procedures" Plaintiff refers.   Further answering, to the extent the allegations set forth in paragraph 43 allege that Dearborn had a legal duty to implement "policies and procedures"

to address/prevent incidents like the one referred to in paragraph 42, Defendants deny.

44.     In response to the allegations set forth in paragraph 44 of Plaintiff's complaint, Defendants deny.

45.     In response to the allegations set forth in paragraph 45 of Plaintiff's complaint, Defendants deny.

46.     In response to the allegations set forth in paragraph 46 of Plaintiff's complaint, Defendants deny.

47.     In response to the allegations set forth in paragraph 47 of Plaintiff's complaint, Defendants deny.

48.     In response to the allegations set forth in paragraph 48 of Plaintiff's complaint, Defendants deny.

Wherefore, Defendant's respectfully request that Plaintiff's complaint be dismissed in its entirety.

<u>COUNT III: ASSAULT AND BATTERY (IN VIOLATION OF STATE LAW)</u>

49.     Defendants incorporate their foregoing responses as if repeated throughout this pleading verbatim.

50.     In response to the allegations set forth in paragraph 50 of Plaintiff's complaint, Defendants admit that the Officer's shooting of the decedent was "intentional."  All other allegations are denied.

51.     In response to the allegations set forth in paragraph 51 of Plaintiff's complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.  Defendants deny all allegations of wrongdoing and affirmatively plead that the shooting of the decedent by the Officer was 100% justified under federal and state law.

52.     In response to the allegations set forth in paragraph 52 of Plaintiff's complaint, Defendants admit that the decedent was shot multiple times and further admit that the Officer's gunshots were harmful.  Defendants, however, deny any suggestion that the Officer's conduct constitutes an "assault and battery."

53.     In response to the allegations set forth in paragraph 53 of Plaintiff's complaint, Defendants admit that the Officer knew that he would likely wound the decedent and that he did, in fact, wound the decedent.

54.     In response to the allegations set forth in paragraph 54 of Plaintiff's complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.  Defendants deny all allegations of wrongdoing and affirmatively plead that the shooting of the decedent by the Officer was 100% justified under federal and state law.

55.     In response to the allegations set forth in paragraph 55 of Plaintiff's complaint, Defendants lack knowledge or information sufficient to

form a belief as to the truth of the allegations and leave Plaintiff to his proofs. Defendants deny all allegations of wrongdoing and affirmatively plead that the shooting of the decedent by the Officer was 100% justified under federal and state law.

Wherefore, Defendant's respectfully request that Plaintiff's complaint be dismissed in its entirety.

<u>COUNT IV: GROSS NEGLIGENCE (IN VIOLATION OF STATE LAW)</u>

56.    Defendants incorporate their foregoing responses as if repeated throughout this pleading verbatim.

57.    In response to the allegations set forth in paragraph 57 of Plaintiff's complaint, Defendants admit that the various standards pled apply to police work generally, but they deny that any of those standards were violated in this case.  Defendants deny all allegations of wrongdoing and affirmatively plead that the shooting of the decedent by the Officer was 100% justified under federal and state law.

58.    In response to the allegations set forth in paragraph 58 of Plaintiff's complaint, Defendants deny, and specifically deny subparagraphs a-b.

59.    In response to the allegations set forth in paragraph 59 of Plaintiff's complaint, Defendants deny.

60.    In response to the allegations set forth in paragraph 60 of Plaintiff's complaint, Defendants deny.

Wherefore, Defendant's respectfully request that Plaintiff's complaint be dismissed in its entirety.

## COUNT V – VIOLATION OF THE PERSONS WITH DISABILITIES CIVIL RIGHTS ACT, MCL 37.1101, Et Seq.

61.    Defendants incorporate their foregoing responses as if repeated throughout this pleading verbatim.

62.    In response to the allegations set forth in paragraph 62 of Plaintiff's complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.  The complaint does not identify a specific mental illness.

63.    In response to the allegations set forth in paragraph 63 of Plaintiff's complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

64.    In response to the allegations set forth in paragraph 64 of Plaintiff's complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

65.    In response to the allegations set forth in paragraph 65 of Plaintiff's complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

66.    In response to the allegations set forth in paragraph 66 of Plaintiff's complaint, the general order speaks for itself.  Further answering, Defendants affirmatively deny that the general order has any relevance in this case.

67.    In response to the allegations set forth in paragraph 66 of Plaintiff's complaint, Defendants admit that the general order was not applied but they affirmatively plead that the Officer did not know that the decedent was mentally ill nor did the exigencies of the encounter allow the Officer time to invoke/apply the general order.  The decedent walked into the police station and with no warning, justification, or provocation whatsoever, attempted to murder the Officer.

68.    In response to the allegations set forth in paragraph 68 of Plaintiff's complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs. Further answering, on December 18, 2022, the Officer did not know that the decedent was mentally ill.  Upon information and belief, prior to December 18, 2022, he had never encountered the decedent, so he had no idea who the decedent was when he entered the police lobby and approached the service

desk.  Further, even assuming the Officer had recognized the decedent, the decedent tried to murder the Officer eleven seconds after he entered the lobby such that the only thing the Officer could do was fire in self-defense.

69.     In response to the allegations set forth in paragraph 69 of Plaintiff's complaint, Defendants admit that the Officer did not attempt to de-escalate the encounter, but they affirmatively plead that there was no time to do so.  The decedent tried to murder the Officer eleven seconds after he entered the lobby such that the only thing the Officer could do was fire in self-defense.

70.     In response to the allegations set forth in paragraph 70 of Plaintiff's complaint, Defendants deny.

71.     In response to the allegations set forth in paragraph 71 of Plaintiff's complaint, Defendants deny.

Wherefore, Defendant's respectfully request that Plaintiff's complaint be dismissed in its entirety.

<u>COUNT VI – VIOLATION OF THE FREEDOM OF INFORMATION ACT</u>

72.     Defendants incorporate their foregoing responses as if repeated throughout this pleading verbatim.

73.     In response to the allegations set forth in paragraph 73 of Plaintiff's complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

74.   In response to the allegations set forth in paragraph 74 of Plaintiff's complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

75.   In response to the allegations set forth in paragraph 75 of Plaintiff's complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

76.   In response to the allegations set forth in paragraph 76 of Plaintiff's complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

77.   In response to the allegations set forth in paragraph 77 of Plaintiff's complaint, Defendants deny.

78.   In response to the allegations set forth in paragraph 78 of Plaintiff's complaint, Defendants deny.

79.   In response to the allegations set forth in paragraph 79 of Plaintiff's complaint, Defendants deny.

Wherefore, Defendants respectfully request that Plaintiff's complaint be dismissed in its entirety.

<u>RELIEF AND DAMAGES REQUESTED</u>

Wherefore, Defendants deny that Plaintiff is entitled to any relief including money damages under any provision of federal or state law. Defendants respectfully request that Plaintiff's complaint be dismissed in its entirety, and that Defendants be reimbursed for all professional fees incurred pursuant to 42 U.S.C. § 1988(b), (c), 28 U.S.C. § 1927, Rules 11(b)(2) and 11(b)(3), Federal Rules of Civil Procedure, and/or the Court's inherent power to assess costs for bad faith litigation.

Respectfully submitted,

*/s/  Gary K. August*
August Law, PLLC
Gary K. August (P48730)
Michael C. Lewis (P59139)
Attorneys for Defendants
29201 Telegraph Road, # 510
Southfield, MI 48034
(248) 833-6225
gaugust@august-law.com
mlewis@august-law.com

Dated: March 29, 2023

## AFFIRMATIVE DEFENSES

1.     Count I fails as a matter of law pursuant to the doctrine of qualified immunity.  First, the Officer did not violate the decedent's 4th amendment rights. Under the objective-reasonableness test, the Officer's conduct was objectively reasonable given the totality of circumstances confronting him at the time of the shooting, namely the decedent's attempt to murder the Officer and the immediate, ongoing threat he posed to the Officer and to anyone else who may have entered the lobby from outside the police station or from the interior of the building.  An important factor in determining whether a police officer's conduct was objectively reasonable is whether the officer was forced to make split-second decisions in tense, uncertain, rapidly evolving circumstances, as was the case here.  Under these standards, the use of deadly force in this case was 100% justified.  The Officer fired multiple shots in a single, continuous, 4-5 second volley.  The law is clear that firing a volley of shots during and after a suspect falls to the ground does not render a police officer's use of force unreasonable.  The Officer continued to fire until the decedent no longer posed a threat to the Officer or to anyone else who might have walked into the lobby at any moment.

Second, the decedent's particularized 4th amendment right was not clearly established at the time of the shooting.   No case stands for the

proposition that the decedent had a right not be shot under circumstances where with no warning, justification, or provocation whatsoever, he removed a handgun from his waistband, pointed it at the Officer, and pulled the trigger - all in the tense, uncertain, rapidly evolving circumstances the decedent himself had created.

Plaintiff cannot defeat either prong of the qualified immunity test. Specifically, he cannot demonstrate a violation of the 4th amendment, nor can he demonstrate that his particularized constitutional right was clearly established at the time of the shooting.  Consequently, Plaintiff's complaint should be dismissed forthwith because qualified immunity shields the Officer not only from civil liability, but also from the burdens of civil litigation.

2.      Count I also fails to state a claim upon which relief can be granted because Plaintiff has failed to plead in avoidance of qualified immunity.  Because the complaint omits crucial facts regarding the decedent's attempt to murder the Officer, it fails to explain how the Officer's conduct violated the 4th amendment.  Further, the complaint does not identify with specificity the right that was "clearly established" at the time of the shooting.  At a high level of generality, the complaint alleges that the decedent had a right not to be shot. One's general right not to be shot, however, is not in dispute.  What is in dispute is whether the decedent had a right not be shot under circumstances where

with no warning, justification, or provocation whatsoever, he removed a handgun from his waistband, pointed it at the Officer, and pulled the trigger - all in the tense, uncertain, rapidly evolving circumstances the decedent himself had created.  Certainly, no such right exists.  Accordingly, because the complaint omits key facts and then alleges the violation of a right at the highest level of generality possible, it fails to plead in avoidance of qualified immunity and therefore fails to state a claim upon which relief can be granted under Rules 12(b)(6) and 12(c), Federal Rules of Civil Procedure.  Defendants are entitled to judgment on the pleadings pursuant to Rule 12(c).

3.      Count II, the *Monell* claim, fails for several reasons.  First, because there exists no underlying constitutional violation, Dearborn faces no liability under *Monell*.  Second, Dearborn's policies and practices are more than adequate and certainly free of deliberate indifference to the rights of citizens including mentally ill citizens.  Third, Plaintiff cannot point to an unconstitutional policy or procedure that was the "moving force" behind the shooting nor can he point to an unconstitutional policy or procedure that can be linked to the shooting at all.

4.      Count III, the state law assault and battery claim, fails as a matter of law because the Officer acted (a) in the course of his employment; (b) within the scope of his authority; (c) in good faith; and (d) with discretion, as opposed

to ministerially.  The Officer is thus immune from liability under Michigan law because he believed in good faith that his use of deadly force was necessary under the circumstances.  Count III further fails because the Officer acted in self-defense.

5.      Count IV, the state law gross negligence claim, fails to state a claim. The Officer fired his gun intentionally.  There was nothing negligent or grossly negligent about it because he meant to do it.  According to long-standing precedent, Michigan law does not permit plaintiffs to transmute plainly intentional acts into claims for gross negligence.  Count IV thus fails to state a claim upon which can be granted.  Defendants are entitled to judgment on the pleadings pursuant to Rule 12(c) and/or MCR 2.116(C)(8).

6.      To the extent Count IV survives the amended pleadings and/or summary judgment stages of this lawsuit, Plaintiffs' Complaint fails in whole or in part pursuant to the state law doctrine of governmental immunity.  Dearborn is immune from liability pursuant to MCL 691.1407(1).  At all times relevant, Dearborn was engaged in the exercise or discharge of a governmental function and Plaintiff's suit does not qualify for any of the exceptions to governmental immunity recognized in the Governmental Tort Liability Act.  MCL 691.1401, *et seq*.  Plaintiff's apparent attempt to plead the "gross negligence" exception to governmental immunity fails as a matter of law because the Officer's conduct

was (a) within the scope of his authority; (b) exercised or discharged pursuant to a governmental function; (c) not negligent at all, let alone grossly negligent; and (d) not the proximate cause of injury or damage.  MCL 691.1407(2)(a)-(c).

7.    Count V, the state law claim under the Persons With Disabilities Civil Rights Act, MCL 37.1101, *et seq*. (PWDCRA"), fails to state a claim.  First, it is not clear that the PWDCRA applies to police encounters.  Second, the complaint fails to identify the alleged disability that brings this incident within the purview of the statute.  Defendants are entitled to judgment on the pleadings pursuant to Rule 12(c) and/or MCR 2.116(C)(8).

8.    Even assuming the PWDCRA applies to police encounters, Count V fails as a matter of law.  The decedent was not denied access to the police station and therefore was not denied the public accommodation the PWDCRA contemplates.  Further, the Officer did not know that the decedent was disabled. Even if the Officer had known that the decedent was disabled, however, he could not have been expected to accommodate the decedent's disability under the tense, uncertain, rapidly evolving circumstances the decedent himself had created, which also explain why the Officer could not attempt to de-escalate. The decedent was never denied the public services the PWDCRA contemplates simply because he never gave the Officer a chance to provide any such services.

To the contrary, the decedent tried to murder the Officer eleven seconds after he walked into the police station.

9.      Plaintiff's claims fail as a matter of law due to the decedent's contributory negligence, wrongful conduct, and/or comparative fault including, but not limited to, his theft of a handgun and his subsequent attempt to murder the Officer with it.

10.     Defendants forthcoming motion for summary judgment must be viewed in the light depicted by the surveillance video, not in the light most favorable to Plaintiff.

11.     Count VI, Plaintiff's claim under the Michigan Freedom of Information Act, MCL 15.231, *et seq*., fails as a matter of law because Dearborn either complied or attempted to comply with the statute in good faith. Plaintiff's FOIA request was received, processed, and responded to within 11 business days.   Exemptions from disclosure were exercised over certain materials, including the surveillance video, pursuant to MCL 15.243(1)(b), (s). This was done to protect the integrity of the post-shooting investigation and to safeguard information regarding law enforcement techniques and procedures. The surveillance video and related materials were released to the public on March 16, 2023, the same day the Wayne County Prosecutor's Office announced that it was not filing criminal charges against the Officer.  Notably, even though

the surveillance video depicts the decedent's attempt to murder the Officer, Plaintiff made no attempt to voluntarily dismiss the subject complaint or amend it prior to this answer coming due.

Respectfully submitted,

*/s/  Gary K. August*
August Law, PLLC
Gary K. August (P48730)
Michael C. Lewis (P59139)
Attorneys for Defendants
29201 Telegraph Road, # 510
Southfield, MI 48034
(248) 833-6225
gaugust@august-law.com
mlewis@august-law.com

Dated: March 29, 2023